## THE STATE v. LAWTHER, APPELLANT.

1. **Practice, Criminal**: CONTINUANCE. Where a cause has been once continued on defendant's application, the affidavit for a second continuance should disclose facts showing an honest effort on the part of the applicant to prepare his case for trial, and legal diligence.

2. ———: CHANGE OF VENUE. An application or a change of venue, on the ground that the judge and the people of a county were prejudiced against defendant, *Held*, defective, because it failed to state that on this account, defendant could not have a fair trial; because not accompanied by the affidavit of two credible witnesses of the

county, sustaining the allegations in the petition, as to the prejudice of the people of the county as required by Sec. 41, Vol. 2, Wag. Stat., 1100; and also, because it did not state that the judge of the court was prejudiced.

*Appeal from Jasper Circuit Court*—Hon. JOSEPH CRAVENS, Judge.

*J. L. Smith*, Attorney-General, for the State.

The application for a continuance shows no diligence on the part of the defendant toward procuring the attendance of the absent witnesses, and was properly overruled.

The application for a change of venue presented a question of fact to the court below, which it found against defendant, which finding is conclusive.

NORTON, J.—The defendant was indicted at the July term, 1874, of the Jasper County Circuit Court, for burglary and larceny. He was tried and convicted in January, 1875, at the November adjourned term of said court. Having made unsuccessful motions for new trial and in arrest of judgment, he brings the cause here by appeal. The principal grounds relied upon for a reversal of the judgment are based upon the action of the court in refusing to grant a continuance and in refusing to make an order changing the venue of the cause.

The record shows that the cause had been once continued on defendant's application, and, in such cases, the affidavit for a second continuance should disclose facts, showing an honest effort on the part of the applicant to prepare his case for trial and legal diligence. The affidavit in this case does not come up to these requirements, in this: that it fails to state that the residence in Arkansas of the absent witness, for the first time, came to the knowledge of defendant, after the commencement of the court, and also in failing to state that, immediately, or soon after the last continuance, he instituted inquiry, by letters and otherwise, for the purpose of ascertaining the whereabouts of the absent witness.

The petition and affidavit alleging that the judge and people of Jasper county were prejudiced against defendant, and asking a change of venue, fails to state that on this account he could not have a fair trial. Nor is it accompanied by the affidavit of two credible witnesses of Jasper county, sustaining the allegations in the petition as to the prejudices of the people of Jasper county as required by Sec. 41, 2d Wag. Stat., 1100. It was also defective in not stating that the judge of the court was prejudiced. The many other objections made by counsel during the trial are too technical to merit notice. The instructions present the case fairly to the jury and the evidence offered fully warranted their verdict.

Judgment affirmed, in which the other judges concur.

AFFIRMED.